UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

O

| Case No. | CV 06-3459 ABC (JTLx) | Date | January 23, 2009 |
|---|---|---|---|
| Title | Zobmondo Entertainment LLC v. Falls Media LLC et al. | | |

| Present: The Honorable | Audrey B. Collins, Chief Judge | |
|---|---|---|
| Daphne Alex | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** DETERMINATION OF LIABILITY FOR ATTORNEY'S FEES (In Chambers)

## I.   INTRODUCTION

This case involves the efforts of competing entrepreneurs to create board games based on the conversation-starter of "Would you rather . . .?", wherein participants are asked to choose between one of two alternatives.  Zobmondo Entertainment LLC brought various claims for copyright infringement and Falls Media LLC, Justin Heimberg and David Gomberg ("Falls Media") brought various claims for trademark infringement.  Ultimately, Zobmondo lost on its copyright claims and Falls Media lost on its trademark claims.  Now, each side has moved for attorney's fees.  For the reasons discussed below, Zobmondo's motion (Docket No. 149) is **DENIED**; Falls Media's motion (Docket No. 155) is **GRANTED IN PART AND DENIED IN PART**.  The Court finds that Falls Media is entitled to a limited fee award for defending against Zobmondo's claim that Falls Media infringed the copyrights in Zobmondo's game instructions and game cards.

## II.   DISCUSSION

**A.   ZOBMONDO'S MOTION FOR ATTORNEY'S FEES**

Zobmondo seeks attorney's fees "as prevailing defendants against Falls Media, LLC's, Justin Heimberg's and David Gomberg's [] claim for trademark infringement."  (Not. (Docket No. 149) at 2.)  In a trademark suit, "[t]he court **in exceptional cases** may award reasonable attorney fees to the prevailing party."  15 U.S.C. § 1117(a) (emphasis added).

The Ninth Circuit construes the "'exceptional circumstances' requirement narrowly."  Classic Media, Inc. v. Mewborn, 532 F.3d 978, 990 (9th Cir. 2008).  "Exceptional circumstances can be found when the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-3459 ABC (JTLx) | Date | January 23, 2009 |
|---|---|---|---|
| Title | Zobmondo Entertainment LLC v. Falls Media LLC et al. | | |

non-prevailing party's case is groundless, unreasonable, vexatious, or pursued in bad faith." Classic Media, 532 F.3d at 990 (quoting Gracie v. Gracie, 217 F.3d 1060, 1071 (9th Cir. 2000)).

   Zobmondo argues that Falls Media defrauded the patent office by falsely representing that Falls Media had a good faith, bona fide intention to use the mark in conjunction with a board game. (Zobmondo Mem. (Docket No. 149) at 6 ("Falls Media had no bona fide intent at the time supporting the application in Class 28 for board games and card games.").)  Zobmondo argues that there was scant evidence of Falls Media's proffered intent, and focuses on a "smoking gun" conflict between the testimony of Gomberg and Falls Media's agent, Robert Fuhrer.  (See Zobmondo Mem. at 10-12.)

   However, simply because there is not a mountain of evidence showing intent, does not mean the intent was not there.  Moreover, the Court is not convinced by Zobmondo's smoking gun.  Falls Media used Fuhrer as their agent for a proposed board game.  Fuhrer gave the following deposition testimony:

   Q: Were you still working with Mr. Gomberg on the would you
      rather game concept in 2006?
   A: I don't think so.
   Q: In fact, you had stopped pitching it after Mattel passed
      back in 2001; isn't that true?
   A: I believe that's true.

(Korn Decl. (Docket No. 152), Ex. D [Fuhrer Depo. Tr.] at 216:5-12.) Fuhrer also submitted a declaration in which he stated: "In 2002, David and Justin decided to manufacture the 'Would You Rather . . . ?' game themselves rather than continue to pursue a license and I no longer pitched the game."  (Korn Decl., Ex. E [Fuhrer Decl.] ¶ 20.)

   Zobmondo contrasts these assertions with a statement from Gomberg concerning a representation to the Patent Office that an extension was "necessary in view of delays in marketing arrangements."  (Korn Decl., Ex. B [Gomberg Depo. Tr.] at 344:16-345:4.)  In particular, Gomberg gave the following deposition testimony:

   Q: Tell me what delays in marketing arrangements you were
      experiencing as of January 6, 2003?
   A: As of January 6, 2003, we had not been able to get our game
      to market because Bob Fuhrer was not able to find a company
      interested in licensing it.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

O

| Case No. | CV 06-3459 ABC (JTLx) | Date | January 23, 2009 |
|---|---|---|---|
| Title | Zobmondo Entertainment LLC v. Falls Media LLC et al. | | |

(Korn Decl., Ex. B [Gomberg Depo. Tr.] at 344:23-345:4.) Zobmondo claims that this shows Fuhrer stating he was no longer pitching the game while, for the same time period, Gomberg fraudulently claims otherwise.

Zobmondo would read Gomberg's deposition testimony as meaning: "As of January 6, 2003, Fuhrer was pitching the game, but was not able to find a company interested in licensing it." However, this is not what Gomberg said. Gomberg merely imparted that as of January 6, 2003, one of the reasons for the delay was that their agent had not found an interested company. The statement could just as easily be referring to actions of the agent leading up to January 6, 2003, i.e., actions in 2000, 2001, 2002, as compared to--as Zobmondo would have it--alleged actions of the agent on January 6, 2003. This--Zobmondo's "most glaring example" of Falls Media's wrongdoing (Zobmondo Reply (Docket No. 192) at 3)--is hardly definitive proof that Gomberg intended to defraud the patent office by stating that delays in marketing arrangements necessitated an extension.

Attorney's fees are not mandated under the Lanham Act; rather, they are left to the discretion of the Court. Polo Fashions, Inc. v. Dick Bruhn, Inc., 793 F.2d 1132, 1134 (9th Cir. 1986) ("The text of section 1117 places a heavy burden on an attorney arguing that the district court abused its discretion in refusing to award attorneys' fees. First, the remedy is available only in 'exceptional cases.' Second, the statute provides that the court 'may' award fees; it does not require them. Finally, the Senate Report expressly commends this decision to the discretion of the court."). Here, the Court declines to exercise that discretion. The evidence of Falls Media's alleged intent to defraud the Patent Office is unpersuasive. More is required before attorney's fees are warranted. Cf. Polo Fashions, 793 F.2d at 1133-34 (upholding decision of district court not to award attorney's fees despite that defendants' actions where characterized as a "callous disregard for the rights of the mark holder and a willful infringement"). Zobmondo's motion is **DENIED**.

**B.   FALLS MEDIA'S MOTION FOR ATTORNEY'S FEES**

Under the Copyright Act, "the court in its discretion may allow the recovery of full costs . . . . [and] may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. "[A]n award of attorney's fees to a prevailing defendant that furthers the underlying purposes of the Copyright Act is reposed in the sound discretion of the district courts, and [] such

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

O

| Case No. | CV 06-3459 ABC (JTLx) | Date | January 23, 2009 |
|---|---|---|---|
| Title | <u>Zobmondo Entertainment LLC v. Falls Media LLC et al.</u> | | |

discretion is not cabined by a requirement of culpability on the part of the losing party." <u>Fantasy, Inc. v. Fogerty</u>, 94 F.3d 553, 555 (9th Cir. 1996).  "In deciding whether to award attorneys' fees, courts in this Circuit consider certain factors, including (1) the degree of success obtained; (2) frivolousness; (3) motivation; (4) objective unreasonableness (both in the factual and legal arguments in the case); and (5) the need in particular circumstances to advance considerations of compensation and deterrence."  <u>Halicki Films, LLC v. Sanderson Sales and Marketing</u>, 547 F.3d 1213, 1230 (9th Cir. 2008) (internal quotation marks and brackets omitted) (holding district court did not abuse discretion in denying attorney's fees to prevailing defendant).  These factors "may be considered but are not exclusive and need not all be met."  <u>Fantasy</u>, 94 F.3d at 558.

There is no doubt that Falls Media prevailed on all of Zobmondo's copyright claims.  (<u>See</u> Order (Docket No. 102) at 56.)  Accordingly, the "success obtained" favors an award for Falls Media.  Furthermore, some of Zobmondo's claims bordered on the frivolous, if they did not actually cross into that territory.  Zobmondo originally brought copyright claims regarding Zobmondo's game rules and its game cards.  Both claims were abandoned.  (Order at 7 n.7 ("Although Zobmondo originally maintained a copyright infringement claim over game rules, it has since abandoned that claim.  Similarly, although Zobmondo alleges infringement of game cards, it declines to defend this claim against summary judgment.").)  That Zobmondo even brought and pursued these particular claims is surprising given that--according to Zobmondo--a substantial similarity analysis "required no discovery at all."  (Zobmondo Opp. to Falls Media Mot. (Docket No. 178) at 24.)  Zobmondo should have conducted this analysis at the outset and should have either not brought the claims, or abandoned them immediately.  Accordingly, frivolousness (and objective unreasonableness), as to these claims, favors an award for Falls Media.

Although the determination of the other copyright allegations may not have been particularly involved, the Court's summary judgment order does not find--or even hint--that Zobmondo's claims were objectively unreasonable.  Accordingly, "objective unreasonableness" for the copyright claims as to Zobmondo's game board and boxes favors awarding no attorney's fees.  Nor does Zobmondo's motivation favor an attorney's fee award.  Although Falls Media notes that Horn's father-- as compared to Horn--may have promoted sharp business tactics (Ghajar Decl. (Docket No. 157), Ex. 19 (May 23-24, 2002 email string)), that does not mean that Zobmondo adopted that approach or that the motivation for Zobmondo's claims as to the game board and boxes was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

O

| Case No. | CV 06-3459 ABC (JTLx) | Date | January 23, 2009 |
|---|---|---|---|
| Title | Zobmondo Entertainment LLC v. Falls Media LLC et al. | | |

improper.

Ultimately, the pivotal question is whether an award of attorney's fees would be faithful to the purposes of the Copyright Act. Fantasy, 94 F.3d at 558. Although the Copyright Act serves to prevent infringement, "copyright law ultimately serves the purpose of enriching the general public through access to creative works." Fogerty v. Fantasy, Inc., 510 U.S. 517, 527 (1994). In this regard, baseless claims, such as the game rules and cards claims, are inimical to the purposes of the Copyright Act. These types of claims, and fear of specious lawsuits, can chill creative expression resulting in the diminution of creative works. An award of attorney's fees would serve as a deterrent for such claims.

Accordingly, although the Court does not see why Falls Media should recover fees on all of the copyright claims, the Court finds that an award of attorney's fees to Falls Media for defending the claims that it infringed the copyrights in Zobmondo's game rules and cards is proper.

### III.  CONCLUSION

Zobmondo's motion is **DENIED**. Falls Media's motion is **GRANTED IN PART AND DENIED IN PART**. The Court finds that Falls Media is entitled to a limited fee award for defending against Zobmondo's claim that Falls Media infringed the copyrights in Zobmondo's game instructions and game cards. As to the amount owed, the parties are **ORDERED** to meet and confer to discuss whether they can reach agreement as to the amount, or whether they believe mediation could facilitate agreement. The parties are **ORDERED** to file a joint report, no longer than five pages in length, setting forth the results of the meet and confer process. If the parties elect mediation, they should submit a proposed order with a time line for conducting that mediation and a deadline for notifying the Court of the results. If the parties are unable to reach any agreement, the parties should submit a proposed order setting a briefing schedule for briefing the amount of attorney's fees expended on the game rules and cards claim, with opening and opposing briefs of no more than 10 pages and a reply of no more than 5 pages.[1] The joint report and proposed order (if

---

[1] The Court regrets that additional briefing may be necessary. However, because the initial fee request was not limited to the recovery set forth herein, the Court is not able to discern which of the requested fees pertain to the issues for which recovery is being granted. In connection with the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

O

| Case No. | CV 06-3459 ABC (JTLx) | Date | January 23, 2009 |
|---|---|---|---|
| Title | Zobmondo Entertainment LLC v. Falls Media LLC et al. | | |

necessary) **SHALL BE FILED** by no later than **February 16, 2009**.

    IT IS SO ORDERED.                                              :

                                       Initials of Preparer   DA

---

supplemental briefing, the parties are free to submit additional evidence, as necessary.